IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00460-BNB

KIMBERLY VELEZ,

    Plaintiff,

v.

D/S MONTOYA, S99037,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Kimberly Velez, is currently detained at the Denver County Jail. Ms. Velez, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of her constitutional rights. Plaintiff also filed a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 that was granted on April 11, 2013.

    Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe Plaintiff's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the Complaint and the action will be dismissed as legally frivolous.

Plaintiff alleges Defendant was standing at her cell door doing rounds and became rude to her when she asked him about a medical issue.  Plaintiff further alleges that Defendant told Plaintiff to withdraw her hands from the food slot and, when Plaintiff refused to move her hands, threatened to close the slot door and break her hands.  Plaintiff requests money damages.

"[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."  *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *see also Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivations under § 1983)).  Therefore, Plaintiff's factual allegations do not support an arguable violation of Plaintiff's constitutional rights by Defendant and will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

      ORDERED that the Complaint and this action be DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915(e)(B)(2)(I).  It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

      DATED at Denver, Colorado, this  12th  day of   April   , 2013.

                          BY THE COURT:


                          s/Lewis T. Babcock
                          LEWIS T. BABCOCK, Senior Judge
                          United States District Court